

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00273-CR

_____

CHASTITY RALYNN SCHNEIDER AKA
CHASTITY RALYNN WAGGONER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A18881-1108; Honorable Robert W. Kinkaid, Jr., Presiding

May 5, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

On August 16, 2011, pursuant to a plea bargain, Appellant, Chastity Ralynn Schneider aka Chastity Ralynn Waggoner, was granted deferred adjudication for theft of property valued at $1,500 or more but less than $20,000, a state jail felony.[1] She was placed on community supervision for five years and assessed a $5,000 fine. On September 5, 2012, the State filed an *Amended Motion to Proceed With Adjudication of*

---

[1] Tex. Penal Code Ann. § 31.03(e)(4)(A) (West Supp. 2013).

*Guilt* alleging Appellant had violated certain conditions of community supervision. At a hearing on that motion, Appellant entered a plea of true to the State's allegations. Based on her plea and evidence presented, the trial court found she violated the terms of community supervision, adjudicated her guilty of the charged offense, sentenced her to fifteen months in a state jail facility and assessed a $3,000 fine. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm and grant counsel's motion.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel diligently evaluates the initial plea hearing and all phases of the adjudication process. Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to file a *pro se* response if she desired to do so, and (3) informing her of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

exercise her right to file a response to counsel's brief, should she be so inclined. *Id.* at 409 n.23. Appellant did not file a response to the *Anders* brief. Neither did the State favor us with a brief.

## DECISION TO ADJUDICATE—STANDARD OF REVIEW

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2013). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488

U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.